**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**PINE BLUFF DIVISION**

**JAMES STEWART**                                                             **PETITIONER**
**ADC #103242**

**VS.**                          **CASE NO.: 5:14CV00145 JM/BD**

**RAY HOBBS, Director,**
**Arkansas Department of Correction**                       **RESPONDENT**

<u>**RECOMMENDED DISPOSITION**</u>

**I**.     <u>**Procedure for Filing Objections**</u>

The following Recommended Disposition ("Recommendation") has been sent to

United States District Court Judge James M. Moody, Jr.  Any party may file written

objections to this Recommendation.

Objections must be specific and must include the factual or legal basis for the

objection.  An objection to a factual finding must identify the finding of fact believed to

be wrong and describe the evidence that supports that belief.

An original and one copy of objections must be received in the office of the United

States District Court Clerk within fourteen (14) days of this Recommendation.  A copy

will be furnished to the opposing party.

If no objections are filed, Judge Moody can adopt this Recommendation without

independently reviewing all of the evidence in the record.  By not objecting, you may also

waive any right to appeal questions of fact.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## II.   **Background**

On January 26, 2012, a Pulaski County, Arkansas, jury found Petitioner James Stewart guilty of rape and second-degree sexual assault. *Stewart v. State*, 2012 Ark. 444, *1. He was sentenced as a habitual offender to life in prison, an additional 18 years' imprisonment, and a fine. *Id*. Mr. Stewart appealed to the Arkansas Supreme Court, which affirmed. *Id*.

Mr. Stewart filed a timely petition for post-conviction relief under Arkansas Rule of Criminal Procedure 37.1. The trial court addressed the merits of Mr. Stewart's claims, but denied his request for relief. (#8-5) Mr. Stewart appealed the trial court's decision denying relief to the Arkansas Supreme Court, but the Court, in a per curiam order, dismissed the appeal, finding that Mr. Stewart's Rule 37 petition had not been properly verified as required by Rule 37.1(c). *Stewart v. State*, 2014 Ark. 85 at *1. The Court held that the trial court had no jurisdiction to consider the arguments raised in the unverified petition, and that the Arkansas Supreme Court, therefore, lacked jurisdiction to hear the appeal. *Id*.

Mr. Stewart filed this federal habeas petition under 28 U.S.C. § 2254 on April 21, 2014. (#2) In the petition, Mr. Stewart claims he was denied effective assistance of

2

counsel as set out "exactly" in his Rule 37 petition.  (#2)   At the Court's direction, Mr.

Stewart filed a statement of his claims, to which he attached his Rule 37 petition.  In the

petition, Mr. Stewart complained that:  (1) trial counsel was ineffective for failing to

sufficiently argue the motions challenging the competency of each child witness and

sufficiency of the evidence; (2) trial counsel was ineffective on direct appeal for citing a

case the Supreme Court found to be distinguishable; (3) there was prosecutorial

misconduct because the prosecutor brought a case of rape and sexual assault based upon

incompetent witnesses and perjury; and (4) he was constructively denied counsel both at

trial and on direct appeal.  (#4 at pp. 8-10)

       Arkansas Department of Correction Director Ray Hobbs responded to the petition

(#8), contending that Mr. Stewart's claims are barred by the statute of limitations or,

alternatively, were procedurally defaulted.  For reasons explained below, the Court

recommends that Mr. Stewart's petition (#2) be dismissed with prejudice.

## III.    <u>The Statute of Limitations</u>

       The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28

U.S.C. § 2244(d)(1), establishes a one-year limitations period for state prisoners to

commence habeas corpus proceedings under 28 U.S.C. § 2254.  The statute provides that

the limitation period begins to run from, "the date on which the judgement became final

by the conclusion of direct review or the expiration of the time limit for seeking such

review."  28 U.S.C. § 2244(d)(1)(A).  If the petitioner does not pursue direct review in the

Supreme Court, the judgment becomes final at the expiration of the time to seek review in

the Supreme Court– that is, ninety days after the conclusion of the petitioner's direct

appeals in the state system. *King v. Hobbs*, 666 F.3d 1132, 1135 (8th Cir. 2012) (citations

omitted).

In this case, Mr. Stewart's direct review by the Arkansas Supreme Court

concluded on November 29, 2012, when the Court affirmed his conviction. *Stewart v.*

*State*, 2012 Ark. 444, *1.  The one-year limitations period began to run after ninety days,

on February 28, 2013, when Mr. Stewart's time to petition the Supreme Court of the

United States for certiorari expired.  He had until February 28, 2014, to file a federal

petition for writ of habeas corpus, but he did not file the current petition until April 21,

2014.  His claims are barred unless the statute of limitations can be tolled.

A.      Statutory Tolling

Title 28 U.S.C. § 2244(d)(2) provides that "[t]he time during which a properly

filed application for State post-conviction or other collateral review with respect to the

pertinent judgment or claim is pending shall not be counted toward any period of

limitation under this section."   A state post-conviction application is properly filed when

its delivery and acceptance are in compliance with the applicable laws and rules

governing filings, including the form of the document, the time limits for its delivery, the

court and office in which it must be lodged, and the requisite filing fee. *Artuz v. Bennett*,

531 U.S. 4, 8, 121 S.Ct. 361, 364 (2000).

4

If a state court finds that a motion fails to comply with state filing requirements, that motion is not "properly filed," regardless of whether those filing requirements are firmly established and regularly followed. *Nelson v. Norris*, 618 F.3d 886, 892 (8th Cir. 2010)(holding statute of limitations period was not tolled in case where Arkansas Supreme Court had specifically held that the petitioner's Rule 37 petition was not properly verified).

Mr. Stewart filed a timely petition for postconviction relief pursuant to Arkansas Rule of Criminal Procedure 37.1, but that petition was not verified as required by Rule 37.1(c). The Arkansas Supreme Court held, therefore, that the circuit court did not have jurisdiction to address the merits of Mr. Stewart's claims and that the Arkansas Supreme Court, therefore, was without jurisdiction to hear the appeal. *Stewart v. State*, 2014 Ark. 85 at *1.

Thus, Mr. Stewart's Rule 37 petitions were not properly filed, and he is not entitled to statutory tolling during the time his petition and appeal were pending in the state courts. See *Nelson*, 618 F.3d at 892 (8th Cir. 2010); *Walker v. Norris*, 436 F.3d 1026, 1030 (8th Cir. 2006).

Because Mr. Stewart is not entitled to any statutory tolling, the statute of limitations for Mr. Stewart to file a federal habeas petition expired on February 28, 2014. He did not file the current petition until April 21, 2014, over a month later. Accordingly,

Mr. Stewart's claims are barred unless he establishes that he is entitled to equitable tolling.

B.    *Equitable Tolling*

The limitations period set forth in 28 U.S.C. § 2244(d)(1) is subject to equitable tolling in appropriate cases.  *Holland v. Florida*, 560 U.S. 631, 130 S. Ct. 2549, 2560 (2010).  A petitioner is entitled to equitable tolling, however, only if he shows: (1) that he pursued his rights diligently, and (2) that some extraordinary circumstances stood in his way and prevented a timely filing.  *Id*. at 2562 (quoting *Pace*, 544 U.S. at 418).

1.    Diligence

Here, Mr. Stewart diligently pursued his Rule 37 petition and appeal and waited less than two months after the Arkansas Supreme Court denied his appeal to file his federal habeas petition.  Mr. Stewart has diligently pursued his rights.

2.    Extraordinary Circumstance

Mr. Stewart has not established, however, that extraordinary circumstances prevented him from filing his habeas petition.  In *Pace v. DiGuglielmo*, the United States Supreme Court addressed the apparent unfairness to habeas petitioners who spend years exhausting state remedies, only to discover that their federal habeas petitions are time-barred because their state petitions were judged not "properly filed."  *Pace*, 544 U.S. 408, 416, 125 S.Ct. 1807 (2005).  The Supreme Court stated that a prisoner seeking state post-conviction relief "might avoid this predicament . . . by filing a 'protective' petition in

federal court and asking the federal court to stay and abey the federal habeas proceedings until state remedies are exhausted." *Pace*, 544 U.S. at 416; see also *Runyan v. Burt*, 521 F.3d 942, 945-46 & n. 4; *Curtiss v. Mt. Pleasant Corr. Facility*, 338 F.3d 851, 855-56 (8th Cir. 2003). Regardless of any uncertainty about his state court proceedings, nothing impeded Mr. Stewart from filing a concurrent, protective, habeas petition with the federal courts within the one-year time period.

Mr. Stewart disputes the Arkansas Supreme Court's finding that he did not file a properly verified Rule 37 petition with the trial court. (#9) In his response to the petition, Director Hobbs acknowledges that the trial court record includes a verified Motion for Transcript for Rule 37 Proceedings but not a verified Rule 37 petition. (#8 at p. 2, #8-6 at pp. 19-20, #8-7) In order to accept Mr. Stewart's argument, however, this Court would have to disregard the Arkansas Supreme Court's factual finding that the Rule 37 petition was not verified and its interpretation and application of its own procedural rule. Mr. Stewart's arguments do not provide a basis for the Court to do so. The application of the state's verification rule in Mr. Stewart's case is not an extraordinary circumstance that entitles him to equitable tolling. See *Walker v. Norris*, 436 F.3d 1026, 1032-33 (8th Cir. 2006)(quoting Pace, 544 U.S. at 414, 125 S.Ct. 1807) ("Because the Arkansas Supreme Court affirmed and found Walker's petition invalid, 'that is the end of the matter.' ")

To the extent Mr. Stewart argues that the actions of the Pulaski County Clerk in not filing the petition and the motion together (#10 at pp. 3-4) were extraordinary

circumstances justifying equitable tolling, this argument also fails.  Had the Clerk filed

the motion and petition together, then perhaps the Arkansas Supreme Court would not

have denied his appeal.  Mr. Stewart cites no authority for the proposition that the Clerk is

required to review petitions and correct deficiencies.  To the contrary, the petitioner bears

the burden of complying with state procedural rules, and his failure to file the verified

petition cannot be attributed to the employees of the Pulaski County Clerk's office.

The requirement that a petitioner verify his Rule 37 petition is not a new concept,

having been emphasized by the Arkansas Supreme Court for many years.  See, *e.g.*, *Carey*

*v. State*, 268 Ark. 332 (1980); *Westbrook v. State*, 286 Ark. 192, 197 (1985); and *Boyle v.*

*State*, 362 Ark. 248 (2005).  Despite the longstanding requirement in Arkansas that a

petitioner verify his petition, the trial court neglected to notice the failure to verify.

Similarly, in *Nelson v. State*, 363 Ark. 306 (2005), the trial court conducted a hearing and

issued a written order denying the merits of a petition.  It was only on appeal that the

Arkansas Supreme Court summarily dismissed the petition due to the petitioner's failure

to verify the petition, with no mention of any responsibility of the trial court to screen

petitions for verification.

Unfortunately for Mr. Stewart, the difficulties he encountered in litigating his state

post-conviction proceedings do not constitute "extraordinary" circumstances warranting

equitable tolling.  The Eighth Circuit has repeatedly held that a petitioner's pro se status,

lack of legal knowledge or legal resources, or any confusion about the federal limitations

8

period or state post-conviction law, does not justify equitable tolling.  See, *e.g.*, *Johnson*

*v. Hobbs*, 678 F.3d 607, 611 (8th Cir. 2012); *Shoemate v. Norris*, 390 F.3d 595, 597–98

(8th Cir. 2004).  In other words, where a habeas petitioner has encountered "the kinds of

obstacles faced by many if not most habeas petitioners," equitable tolling is inapplicable

because Congress is presumed to have considered such equities in determining that one

year represents a fair and appropriate limitations period.  *Runyan*, 521 F.3d at 945–46.

     C.     *Actual Innocence*

     In *McQuiggin v. Perkins*, __ U.S. __, 133 S. Ct. 1924, 1928 (2013), the United

States Supreme Court held that actual innocence, if proved, serves as a gateway through

which a petitioner may pass to overcome the expiration of the statute of limitations.  The

Court cautioned, however, that "tenable actual-innocence gateway pleas are rare," and "a

petitioner does not meet the threshold requirement unless he persuades the district court

that, in light of the new evidence, no juror, acting reasonably, would have voted to find

him guilty beyond a reasonable doubt."  *Id*. (quoting *Schlup v. Delo*, 513 U.S. 298, 329,

115 S.Ct. 851 (1995)).

     The actual-innocence exception requires a habeas petitioner to come forward with

"new reliable evidence" which was "not available at trial through the exercise of due

diligence."  *Schlup*, 513 U.S. at 324; *Kidd v. Norman*, 651 F.3d 947, 951–53 (8th Cir.

2011), cert. denied, 133 S.Ct. 137 (2012).  Here, Mr. Stewart has not come forward with

any new evidence to establish actual innocence.

**IV.     Certificate of Appealability**

When entering a final order adverse to a petitioner, the Court must issue or deny a certificate of appealability.  See Rule 11 of the Rules Governing Section 2254 Cases in the United States District Court.  A certificate of appealability may issue only if Mr. Stewart has made a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253 (c)(1)-(2).  In this case, after considering Mr. Stewart's petition and his summary of his claims, he has not provided a basis for the Court to issue a certificate of appealability.

**V.     Conclusion**

After reviewing Mr. Stewart's claims for habeas corpus relief, along with the attachments the petition, the Court concludes that Mr. Stewart's claims are barred by the one-year limitations period set out in 28 U.S.C. § 2244(d).  Accordingly, the Court recommends that Mr. Stewart's petition for writ of habeas corpus (#2) be DENIED and DISMISSED, with prejudice.  The Court further recommends that no certificate of appealability be issued.

DATED this 28th day of July, 2014.

_____
UNITED STATES MAGISTRATE JUDGE